## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICOLE HAWKINS,<br>    Petitioner, | | No. 3:11cv380 (SRU) |
| v. | | |
| U.S.  PAROLE BOARD,<br>MAUREEN BAIRD,<br>    Respondents. | | |

## RULING AND ORDER

The Petitioner, Nicole Hawkins, is currently confined at the Federal Correctional

Institution in Danbury, Connecticut ("FCI-Danbury"), where she is serving sentences imposed by

the Superior Court for the District of Columbia ("D.C. Superior Court"). She brings the present

Petition for Writ of Habeas Corpus [doc. # 1] pursuant to 28 U.S.C. § 2241, seeking an order

directing the Bureau of Prisons ("BOP") to award her additional good time credit and thereby

change the date on which Hawkins will be eligible for parole. For the reasons that follow, the

Petition is DENIED.

## I

On September 10, 1998, Hawkins was sentenced by the D.C. Superior Court on two

counts of kidnapping (Counts B and C), two counts of assault with a dangerous weapon (Counts

D and E), one count of threats (Count F), one count of aggravated assault while armed (Count

H), one count of mayhem while armed (Count I), one count of malicious disfigurement while

armed (Count J), and one count of tampering with physical evidence (Count K), for a total

effective term of 15 to 45 years' imprisonment. On February 14, 2003, that sentence was

amended – Count H was vacated, and the sentences for Counts D and E were made consecutive

to each other and concurrent to Hawkins's sentences for Counts B and C – but the total term of imprisonment did not change. Hawkins will be eligible for release on parole once she has served her minimum term of imprisonment (15 years) less the jail time credits and "educational good time credits" she has accumulated. *See* D.C. Code §§ 24-403, 24-221.01(b), 24-221.03(a).

The record contains conflicting information regarding the date on which Hawkins is currently scheduled to become eligible for release on parole. A document entitled "SENTENCE MONITORING COMPUTATION DATA AS OF 5-04-2011" reflects a parole eligibility date of December 13, 2012. Resp. [doc. # 8] at 21-22. That document indicates that Hawkins has received jail credit for the period January 31, 1997 through February 4, 1997, and the period July 7, 1998 through September 9, 1998. *See id.* at 21. In addition, Respondents state that "Petitioner was awarded 70 days jail credit and 200 days DC Educational Good Time, making her parole eligibility date December 13, 2012." Resp. [doc. # 8] at 3. However, a document entitled "SENTENCE MONITORING COMPUTATION DATA AS OF 11-02-2010" gives a parole eligibility date of July 1, 2013. Pet. [doc. # 1] at 23. The November 2, 2010 report lists the same jail credit periods as the January 19, 2011 report. In addition, BOP Regional Director G. Maldonado's October 15, 2010 response to Hawkins's appeal of the Warden's response to Hawkins's request to be seen by the U.S. Parole Commission—which Hawkins attaches as an exhibit to her Petition, *id.* at 14-15—likewise indicates that Hawkins will not become eligible for parole until July 1, 2013. The difference appears to be an award of 200 days of Educational Good Time.

Although the grounds for Hawkins's habeas petition are not entirely clear, Hawkins appears to be claiming that the calculated date on which she will be eligible for parole does not take into account all the time credits she has accumulated, and that in fact she should be eligible

for parole on an earlier date. *See* Pet. [doc. # 1] at 9.[1] Hawkins appears to make two arguments in support of that claim. First, she suggests that because the 1987 D.C. Parole Board Guidelines apply to any offender who committed her crime between March 4, 1985 and August 4, 1998, the Bureau of Prisons should apply the 1987 D.C. Code to grant Hawkins Institutional Good Time credits. *See* Pet. [doc. # 1] at 5. Second, Hawkins suggests that on the basis of the coursework she has completed, she should have received additional Educational Good Time credits. *See* Pet'r's Reply [doc. # 12] at 4.

## II

Hawkins argues that if the Board of Prisons applied the 1987 D.C. Parole Board Guidelines correctly, her parole eligibility date would take into account Institutional Good Time credit. Respondent maintains that "the Parole Commission's use of the 1987 Guidelines has no bearing on [Hawkins's] sentence computation." Resp. [doc. # 8] at 1.  BOP Regional Director G. Maldonado came to the same conclusion in response to Hawkins's Regional Administrative Remedy Appeal. *See* Pet. [doc. #1] at 14 ("However, the Parole Commission's determination to apply the 1987 parole guidelines in your case has no impact on your eligibility to earn good conduct time on your minimum term of imprisonment."). That determination is correct.

From April 1987 through June 1994, the calculation of Institutional Good Time credits for D.C. Code offenders was governed by the District of Columbia Good Time Credits Act of 1986, D.C. Code § 24-428. In 1994, the Good Time Credits Act was replaced by the Omnibus

---

[1]  In her Petition, Hawkins lists this dates as "12-13-2013," which seems to be a typographical error because both Respondents and the documents that Hawkins attaches as exhibits to her Petition indicate that her parole eligibility date is currently "12-13-2012." *See* Resp. [doc. # 8] at 3; Pet. [doc. # 1] at 7.

Criminal Justice Reform Amendment Act of 1994 ("OCJRAA"), D.C. Law 10-151.[2] The

OCJRAA eliminated Institutional Good Time Credits.

     Hawkins committed her offenses in December 1996 and was sentenced under the

OCJRAA. As mentioned above, the OCJRAA replaced the Good Time Credits Act and

eliminated Institutional Good Time credit. Therefore, Hawkins is not eligible to earn Institutional

Good Time.

### III

     Hawkins next claims that her Educational Good Time credits have been calculated

incorrectly. Hawkins does not state the exact days of credit she believes she has earned, but she

asserts that at times she was credited for enrollment in only one course when she was enrolled in

two courses. Respondents do not make any claim about the accuracy of the calculation of

Hawkins's Education Good Time credits. Respondents only state that 200 days were deducted

from Hawkins's minimum term. *See* Resp. [doc. # 8] at 3; Solis Decl. [doc. # 8] at 6.

     According to the Bureau of Prisons ("BOP"), Hawkins received 150 days' credit for the

GED program she was enrolled in, the maximum allowed by the BOP regardless of how long it

takes an inmate to complete the program. *See* BOP Program Statement 5884.02, Educational

Good Time Sentence Credit for D.C. Code Offenders; Resp.'s Ex. H [doc. #8] at 31. In addition

Hawkins received 25 days for courses taken during the five-month period beginning August

2009 and ending December 2009, and 25 days for courses taken during the five-month period

beginning January 2010 and ending May 2010. *See* Resp.'s Ex. H [doc. # 8] at 31.

     Unlike the Institutional Good Time credit, the OCJRAA did not affect eligibility for D.C.

Educational Good Time Credit ("DCEGT"). "Education good time sentence credit is authorized

---

[2] Although the statute was not effective until August 20, 1994, substantially similar emergency
legislation passed by the D.C. Council took effect on June 22, 1994. *See* Omnibus Criminal
Justice Reform Emergency Amendment Act of 1994, D.C. Act 10-255, June 22, 1994.

by District of Columbia (D.C.) Code § 24-221.01, and reduces the amount of time to serve under a term of imprisonment." 28 C.F.R. § 523.30. An inmate is eligible to earn no more than 5 days per month DCEGT for each month she was enrolled in a designated program, up to the maximum amount designated by the BOP for the type of program successfully completed, regardless of the number of designated programs the inmate is enrolled in. *See* 28 C.F.R. § 523.32. Eligibility for DCEGT can be limited based on: (a) a violation of prison rules; and (b) the nature of the offense committed. *See* 28 C.F.R. § 523.33.

The BOP has correctly calculated Hawkins's DCEGT. Although Hawkins was sometimes enrolled in multiple classes at the same time, she received the maximum allowable credits of 5 days per month for eligible classes and 150 days for her GED program.

But, whether or not the calculation is correct, it appears Hawkins may not be eligible to receive that credit. The BOP has included 200 days of DCEGT when calculating Hawkins's parole eligibility date as of December 13, 2012. *See* Resp. Ex. D, Sentence Monitoring Computation Data as of 5-04-2011 [doc. # 8] at 19. But, according to BOP records, Hawkins was sentenced under D.C. Law 22-3202, now codified at D.C. Code § 22-402, which makes her ineligible to receive DCEGT. *See* D.C. Code 24-434 (codified at D.C. Code §24-221.06) (Under certain provisions of the D.C. Code, including § 22-4502, Education Good Time credit shall not be applied to the minimum terms of persons sentenced.). *See also* BOP Regional Director's Part B-Response [doc. # 1] at 14 ("Additionally, pursuant to D.C. Code provisions in effect when you committed the offenses for which your current sentence was imposed, D.C. Code offenders sentenced under D.C. Code § 22-3202 for committing a crime of violence while armed with a firearm or other dangerous or deadly weapon are not eligible to earn either DCIGT or District of Columbia Educational Good Time (DCEGT).").

**IV**

Hawkins's petition lacks merit. Hawkins is not eligible for Institutional Good Time credit, and the BOP has correctly calculated her Educational Good Time credit. For these reasons, Hawkins's petition is denied. The Clerk shall enter judgment for Respondents and close this file.

It is so ordered this 6th day of November 2012 at Bridgeport, Connecticut.


/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge